**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GARY L. WILLIAMS,**

      **Petitioner,**

                              **CASE NO. 2:11-cv-00537**

**v.**                               **JUDGE GEORGE C. SMITH**

                              **Magistrate Judge Kemp**

**ROBIN KNAB,**

      **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed an "Application for a Rule Nisi Order and for an Alternative Writ of Habeas Corpus Pursuant to 28 U.S.C. §1651(a)(b) for its Lawful Determination." The Court, for reasons described below, will treat the application as a petition for a writ of habeas corpus filed under 28 U.S.C. §2254. Based on that construction, this matter is before the Court to conduct an initial screening as required by Rule 4 of the Rules Governing Section 2254 Actions in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

### I.

Petitioner is, according to his application, currently confined at the Chillicothe Correctional Institution. Paperwork attached to his application indicates that criminal charges were brought against him in Franklin County, Ohio in 2000. He has provided the Court with a portion of a docket sheet from Case No. 00 CR 660 from Franklin County indicating that an indictment was returned in that case on February 9, 2000, charging him with ten counts of rape. He has not supplied any other information about the disposition of his case. However, the Franklin County Court of Common Pleas case information online

search engine shows that he pleaded guilty to one count of rape and one count of gross sexual imposition on June 25, 2001 and was sentenced that day to a term of ten to twenty-five years' imprisonment. See http://fcdcfcjs.co.franklin.oh.us/ CaseInformationOnline/ caseSearch?Gcz72482GhMglEsVbhgt (accessed on June 21, 2011). That same website shows that petitioner never appealed his conviction and sentence, but did file a motion for post-conviction relief on September 23, 2003, which was denied on March 2, 2004. In 2009, he moved to withdraw his guilty plea, but that motion was also denied, as was a 2010 motion styled "Motion to Vacate the Application of §2907 et seq. and §2950 et seq."

In his application, petitioner invokes 28 U.S.C. §1651, the All Writs Act, as the basis for relief. He appears to argue that he is not in the lawful custody of the State of Ohio, for reasons not entirely clear, but apparently having to do with the fact that he does not believe that a valid judgment was ever entered in his state court criminal case. His application asserts that he is not a "prisoner" or a "state prisoner" and that, in his words, "no substantive law was ever invoked pursuant to state or federal law" in the state court case. He argues that the provisions of 28 U.S.C. §2254 "do not apply to the matter at hand" because he "is not in lawful state custody pursuant to the judgment of an official State Court." He asks the Court "to issue a rule nisi ORDER to Respondent to produce the true and lawful cause of his detention in this institution." Application, Doc. #1.

## II.

28 U.S.C. §2244(d)(1) states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

For the following reasons, the Court concludes that this limitations provision applies to petitioner's request for relief, and bars it because it was filed well after the limitations period expired.

In this case, as noted above, petitioner was found guilty and sentenced in the Franklin County Court of Common Pleas on June 25, 2001. He did not appeal. Under state law, see Rule 4(A), Ohio R.App. P., he had thirty days within which to file a timely notice of appeal, so under 28 U.S.C. §2244(d)(1), his conviction became final on a date thirty days after June 25, 2001, which is July 25, 2001. See Mitchell v. Warden, Lebanon Correctional Inst., 2009 WL 2579434 (S.D. Ohio August 17, 2009). He had one year from that date to file a timely habeas corpus petition, but did not. He did subsequently file various motions with the state court, but the filing of those motions has no impact on the limitations analysis, as explained below.

Apparently in order to avoid the effect of the statute of limitations, petitioner claims that he is not pursuing relief under 28 U.S.C. §2254 but that he is proceeding under the All Writs Act, 28 U.S.C. §1651. However, it is clear that if the Court were to grant him any relief, including a declaration that the judgment of the state court under which he is being held is a nullity, the effect of that decision would be to release him from state custody. Consequently, his remedy in federal court is appropriately and only a writ of habeas corpus.

The Court reaches this conclusion because a state prisoner seeking release may proceed only under §2254 because it covers the specific situation of a person in state custody asking a federal court for relief. The All Writs Act is available only in those situations where no other federal statute covers the situation at hand. *See Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) . As the court observed in *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), a case which, like this one, involved a claim which would be time-barred if presented under §2254,

> [Petitioner]  believes that he can avoid §2244(d)(1) by recharacterizing his petition as a request for habeas corpus under 28 U.S.C. §2241 or coram nobis under the All-Writs Act, 28 U.S.C. §1651(a). Not so. Section 2244(d)(1) applies to every "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It does not distinguish between

applications under §2241 and those under §2254. Anyway, as the Supreme Court observed in *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and we reiterated in *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000), every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on §2254. It is not possible to escape its limitations by citing some other statute.

Petitioner appears to claim, however, that he is not restricted to (and perhaps may not even take advantage of) 28 U.S.C. §2254 because the state court proceedings to which he was subjected were somehow invalid.  As the Court of Appeals said in *Frazier v. Moore*, 252 Fed. Appx. 1, **4 (6ᵗʰ Cir. October 7, 2007), such an argument is not "convincing." In rejecting a similar argument, the Court of Appeals (affirming a decision from this Court, *see Frazier v. Moore*, 2006 WL 3146436 (S.D. Ohio Oct 31, 2006)), held that "[t]he fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under §2244(d)." *Id.* at **5.  Rather,

> In order to constitute a "judgment" under §§2244(d) and 2254,  a state court judgment need not be unassailable, or even prima facie correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined.

*Id*. Thus, it does not matter, for purposes of determining if the statute of limitations has run, that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court.  The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable, or, as in this case, by July 25, 2002.

As noted, the Court's research has also revealed that petitioner filed other motions in state court attacking his conviction.  By the time he did so, the statute of limitations had

-4-

already run on his §2254 petition, and the filing of those motions did not revive the statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Thus, there does not appear to be any reason not to apply the statute of limitations found in §2244(d)(1) to petitioner's application, or to find that his application was timely filed.

## III.

For all of these reasons, the Court concludes that this action is time-barred. It is therefore recommended that the petition be dismissed on grounds that it was not filed within the time permitted by 28 U.S.C. §2244(d)(1).

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge