```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


GARY L. WILLIAMS,

         Petitioner,
                                        CASE NO. 2:11-cv-537
v.                                      JUDGE GEORGE C. SMITH

WARDEN, CHILLICOTHE                     Magistrate Judge Kemp
CORRECTIONAL INSTITUTION,

         Respondent.
```

OPINION AND ORDER

On June 20, 2011, the Court received an "Application for a Rule Nisi Order and for an Alternative Writ of Habeas Corpus Pursuant to 28 U.S.C. §0651(a)(b) for its Lawful Determination" from petitioner Gary L. Williams.  According to the petition, Mr. Williams resides at the Chillicothe Correctional Institution.  However, he claims that he is not a "state prisoner."  In his petition, he asks this Court to determine the lawfulness of his continued detention.

In a Report and Recommendation filed on June 24, 2011, the Magistrate Judge treated Mr. Williams' application as a petition for a writ of habeas corpus filed under 28 U.S.C. §2254.  The Magistrate Judge then applied Rule 4 of the Rules Governing Section 2254 Actions in the United States District Courts, which requires an initial screening of a habeas corpus petition prior to the issuance of a show cause order.  Because Mr. Williams' state court conviction became final more than one year before he filed his petition, the Magistrate Judge concluded, based on the statute of limitations found in 28 U.S.C. §2244(d)(1), that this action is time-barred, and recommended dismissal of the case on that ground.

Mr. Williams has now filed an objection to that

recommendation.  In his objection, he does not disagree that the statute of limitations for habeas corpus actions expires one year after a state conviction becomes final, nor does he dispute any of the information contained in the Report and Recommendation about when he was convicted (2001) or that he never filed a direct appeal from that conviction.  However, he raises a number of objections to the Magistrate Judge's treatment of the case as a habeas corpus petition and to the Magistrate Judge's jurisdiction to issue a report and recommendation.  For the following reasons, and after reviewing the objections *de novo*, the Court will adopt the Report and Recommendation and dismiss this case.

## I.

Because petitioner has not objected to the accuracy of the Report and Recommendation's recapitulation of the history of the state criminal proceedings, and because the public records bear out the history recited, the Court adopts that history as the background of this case.  As the Report and Recommendation points out, the available public records show that petitioner is serving a state sentence as a result of a 2001 conviction for rape and gross sexual imposition which was imposed by the Franklin County Court of Common Pleas on June 25, 2001.  That conviction became final, for purposes of the statute of limitations found in 28 U.S.C. §2244(d)(1), on July 25, 2001, and the statute of limitations expired one year later, on July 25, 2002.  If this current case is indeed a habeas corpus petition filed under 28 U.S.C. §2255, it was filed well past the expiration of the limitations period.

In arguing against the application of §2244(d)(1), Mr. Williams contends that he is not  a state prisoner and that he is not seeking relief under 28 U.S.C. §2254.  He appears to argue that his state conviction "is already a legal nullity" and that

he is not challenging it here.  He also claims that he is not a "prisoner" as that term is defined in 28 U.S.C. §1915(h), which reads in full: "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

    28 U.S.C. §1915(h) was adopted as part of the Prison Litigation Reform Act, which, as a number of courts have held, is inapplicable to petitions for writs of habeas corpus.  <u>See Strbac v. Sniezek</u>, 2007 WL 1544782 (N.D. Ohio May 24, 2007).  Thus, it is irrelevant whether Mr. Williams is or is not a "prisoner" under that statutory definition for purposes of deciding if his petition must be construed as a habeas corpus petition.  What is more relevant is the fact that §2254 specifically applies to actions brought "in behalf of a person in custody pursuant to the judgment of a State court."  Although Mr. Williams claims he is not in such custody because the state court judgment is a "nullity," it does not appear that any state or federal court has so determined.  Given this conclusion, the proper analysis of the case is the one which appears in the Report and Recommendation.

    As the Magistrate Judge stated,

> a state prisoner seeking release may proceed only under §2254 because it covers the specific situation of a person in state custody asking a federal court for relief.  The All Writs Act is available only in those situations where no other federal statute covers the situation at hand.  *See Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).  As the court observed in *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), a case which, like this one, involved a claim which would be time-barred if presented under §2254,
>
>     [Petitioner]  believes  that  he  can  avoid

> §2244(d)(1) by recharacterizing his petition as a request for habeas corpus under 28 U.S.C. §2241 or coram nobis under the All-Writs Act, 28 U.S.C. §1651(a).  Not so.  Section 2244(d)(1) applies to every "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It does not distinguish between applications under §2241 and those under §2254. Anyway, as the Supreme Court observed in *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and we reiterated in *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on §2254. It is not possible to escape its limitations by citing some other statute.

Report and Recommendation, ECF No. 3, at 3-4.  The Court further agrees that, no matter what the basis is for Mr. Foster's challenge to his state court conviction - even if he claims the court proceeded in the absence of jurisdiction and did not enter a valid judgment - this type of claim may only be raised in a federal court by way of a §2254 petition.  *See Frazier v. Moore*, 2006 WL 3146436 (S.D. Ohio Oct 31, 2006), *aff'd* 252 Fed. Appx. 1 (6th Cir. October 7, 2007).

### III.

For all of these reasons, the Court concludes that Mr. Williams, despite his arguments to the contrary, is a "state prisoner" and may seek relief from his state conviction and sentence only under 28 U.S.C. §2254.  Under the statute of limitations applicable to such actions, his petition was not timely filed.  Consequently, his objections (ECF No. 5) to the Report and Recommendation (ECF No. 3) are **OVERRULED** and the Report and Recommendation is **ADOPTED AND AFFIRMED**.  This case is **DISMISSED** on grounds that it was not filed within the time permitted by 28 U.S.C. §2244(d)(1).

**IT IS SO ORDERED.**

```
                              /s/ George C. Smith
                              George C. Smith
                              United States District Judge
```